UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY MALCOLM,

    Petitioner,

v.

    CASE NO. 2:13-CV-12970
    HONORABLE GEORGE CARAM STEEH
    UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

This is a habeas corpus petition filed by a state prisoner. According the Michigan Department of Corrections website, Petitioner is serving a 8-to-20 year sentence and lesser concurrent terms at the Huron Valley Correctional Facility for her Wayne Circuit Court convictions of conducting a criminal enterprise, larceny from a building, and stealing a financial transaction device. The poorly-drafted petition, which in no way complies with Rule 2(c) of the Rules Governing Section 2254 Cases, appears to challenge the validity of her arrest and the jurisdiction of the trial court.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

Habeas corpus petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Rule 2 of the Rules Governing Section 2254 Cases provides in relevant part that a habeas petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

Rule 2(c), Rules Governing Section 2254 Cases.  In addition, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule. Habeas Rule 2(d). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). The Court has authority to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases.

The petition filed here does not meet the standards set forth in Rule 2 of the Habeas Rules. The petition does not state whether Petitioner has attempted to exhaust her state court remedies, nor does it substantially follow the form appended to the Rules Governing Section 2254 Cases or the form used by this district.

Moreover, a federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420

(6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). Michigan prisoners must raise their claim(s) in the Michigan Court of Appeals and Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, it appears Petitioner has not presented her habeas claims to the Michigan appellate courts. Indeed she was just recently sentenced on March 1, 2013 on the criminal enterprise conviction, and on May 17, 2013, on her lesser convictions. The court determined that no state court appeals are pending by consulting the Michigan Court of Appeals website—a source subject to judicial notice. See *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). The petition will therefore be summarily dismissed without prejudice so that Petitioner may pursue exhaustion of her state court remedies. *See Hudson v. Martin*, 8 Fed. Appx. 352 (6th Cir. 2001).

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

Dated: July 15, 2013

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 15, 2013, by electronic and/or ordinary mail and also on Ebony Malcolm #867597, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk